IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES DISTRICT COUNCIL 47, LOCAL 2186, Plaintiff, | : : : : : : | CIVIL ACTION |
| v. | : : | |
| CITY OF PHILADELPHIA, et al., Defendants. | : : | No. 13-502 |

**MEMORANDUM**

Schiller, J.                                                                                                                                                          June 19, 2013

The American Federation of State, County and Municipal Employees District Council 47, Local 2186 ("AFSCME") seeks a declaratory judgment against the City of Philadelphia ("City"), Mayor Michael A. Nutter, Director of Human Resources for the City of Philadelphia Albert L. D'Attilio, and the Civil Service Commission ("Commission"), deeming Philadelphia Civil Service Regulation 16.02 ("Regulation 16.02" or "the Regulation") unconstitutional on its face. Pending before the Court is Defendants' motion to dismiss AFSCME's Amended Complaint. For the reasons that follow, the Court grants the motion in part and denies it in part.

I.     BACKGROUND

AFSCME is an unincorporated labor organization that represents a unit of first-level supervisors employed by the City, the members of which are civil servants. (Am. Compl. ¶¶ 1, 11.) The Commission "creat[es] and implement[s]" Civil Service Regulations that "effectuate the day-to-day operations of the City." (*Id.* ¶ 6.) A Consolidated Memorandum of Agreement ("Agreement") between AFSCME and the City governs the employment of AFSCME members and incorporates

by reference the Civil Service Regulations. (*Id.* ¶¶ 17-18; *see id.* Ex. A [Agreement] § 6B.)

Philadelphia Civil Service Regulation 16.01 provides, "The appointing authority may lay off an employee in the Civil Service only when necessary because of a reorganization resulting in the abolition of his position, or because of a lack of either work or funds." (*Id.* Ex. B [Regulation 16].) An employee has thirty days after receiving notice of the layoff to appeal to the Commission "on the ground that the required procedure has not been complied with or that the layoff has not been made in good faith or was otherwise improper." (*Id.*) In addition, Regulation 17.01 states, "Any dismissal or demotion after the completion of the required probationary period of service, or suspension of any employee in the Civil Service shall be for just cause only," and 17.061 provides for appeals of dismissals, demotions, or suspensions of more than ten days. (Defs.' Mot. to Dismiss Ex. 1 [Regulation 17].)

In December 2012, the Commission approved Regulation 16.02, which permits the City to furlough AFSCME members. (Am. Compl. ¶¶ 21-22.) Specifically, a furlough—defined as "[p]lacing an employee temporarily in a non-pay, non-duty status because of lack of work or lack of funds or other economic reasons as determined by the Finance Director"—can be "for any specified period of time" under Regulation 16.023. (Regulation 16.) Regulation 16.022 requires that notice of the furlough be provided at least seven days in advance, "except where emergency considerations found and declared by the Finance Director require a shorter period of notice." (*Id.*) Regulation 16.024 describes the process for determining which employees are furloughed: "The appointing authority shall designate either the department or, with the approval of the Director, a recognized budget division as the organizational unit within which the furloughs are to be made. Within the organizational unit designated, the appointing authority, with the approval of the Director,

2

shall also designate the classes to be furloughed." (*Id.*) Regulation 16.028 provides, "An employee may not appeal a furlough to the Civil Service Commission." (*Id.*) The Agreement establishes a multilevel grievance procedure to settle disputes "regarding the interpretation or application of the provisions" of the Agreement. (Agreement § 7A.) The grievance procedure provides for review by the employee's immediate supervisor and the Division Head, and for meetings between the grievant, union representatives, the Department Head or Commissioner, and the Personnel Director. (*Id.*)

Though Regulation 16.02 is in effect, the City has not yet furloughed any AFSCME members. (*See* Am. Compl. ¶ 48.) However, AFSCME alleges that the City included "its intentions regarding furloughing AFSCME members" in its Five Year Financial and Strategic Plan for Fiscal Years 2013-2017 ("Five Year Plan"). (*Id.*; Defs.' Mot. to Dismiss Ex. 5 [Five Year Plan].) In addition, the City sued AFSCME District Council 33, seeking a declaration that the City has the right to impose its final offer for a new collective bargaining agreement on the union. (Am. Compl. ¶ 48; Defs.' Mot. to Dismiss Ex. 6 [AFSCME District Council 33 Compl.].) The City's final offer includes the right to furlough District Council 33 members. (AFSCME District Council 33 Compl. ¶ 89)

AFSCME brings a facial challenge to Regulation 16.02, alleging that it violates the Due Process Clause of the U.S. Constitution and Article 1, Section 26 of the Pennsylvania Constitution because the furloughs deprive AFSCME members of their property interest in continued employment without due process.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party.

3

*See Bd. of Trs. of Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court should accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "But a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id.*; *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a Rule 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient

to show a plausible claim for relief. *Id.* at 211. If the court can infer only the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id.*

When faced with a motion to dismiss for failure to state a claim, courts may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

## III. DISCUSSION

Defendants seek dismissal of AFSCME's Amended Complaint on the grounds that it is not ripe for review, and that AFSCME has not stated a claim for a procedural due process violation.

### A. Ripeness

Defendants first contend that AFSCME's claim is not yet ripe. In *Abbott Laboratories v. Gardner*, the Supreme Court held that a court making a ripeness determination must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." 387 U.S. 136, 149 (1967). The Third Circuit has further clarified these ripeness requirements in the context of pre-enforcement declaratory actions in the *Step-Saver* test, which identifies the adversity of interest of the parties, the conclusivity of a judgment, and the utility of a judgment as the most important principles for a court to consider. *See Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647-50 (3d Cir. 1990). In general, "[t]he courts have allowed somewhat liberally constitutional challenges under circumstances where the government has not initiated enforcement proceedings." *Peachlum v. City of York, Pa.*, 333 F.3d 429, 435 (3d Cir. 2003).

*1. Adversity of interest*

Although an action may not be based on a "contingency," a party need not have suffered a "completed harm" to establish adversity of interest in a pre-enforcement declaratory action. *Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 412 (3d Cir. 1992). AFSCME is not required to wait for a furlough before attacking Regulation 16.02. *See Le Cabaret 481, Inc. v. Municipality of Kingston*, Civ. A. No. 03-1230, 2005 WL 114171, at *4 (M.D. Pa. Jan. 19, 2005). Yet the probability of the future event occurring—here, furloughs under Regulation 16.02—must be "real and substantial." *Armstrong*, 961 F.2d at 412. To this end, "[i]n the absence of an . . . express disavowal, the Third Circuit generally concludes that there is a threat of enforcement and that the dispute is ripe for adjudication." *Tait v. City of Phila.*, 639 F. Supp. 2d 582, 594 (E.D. Pa. 2009), *aff'd*, 410 F. App'x 506 (3d Cir. 2011); *see also Pic-A-State Pa., Inc. v. Reno*, 76 F.3d 1294, 1299 (3d Cir. 1996) (finding adversity of interest satisfied where government had "stated that a federal prosecution [was] unlikely," but had "not expressly disavowed an intent to prosecute"); *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1467-68 (3d Cir. 1994) (finding that interests were sufficiently adverse where state had disavowed enforcement of anti-discrimination statute in one context but not another); *cf. Tait*, 639 F. Supp. 2d at 594 (finding challenge to state ordinance unripe because lack of funds to enforce ordinance functioned as effective disavowal).

As in *Pic-A-State*, in which the government maintained that prosecution under the challenged statute was unlikely, the City hints that furloughs may never occur. (*See* Defs.' Mot. to Dismiss at 6-8.) Yet a mere suggestion is a far cry from an express disavowal, and AFSCME cites two facts indicative of the City's intent to furlough AFSCME members. (*See* Am. Compl. ¶ 48.) First, the City referenced furloughs in its proposed Five Year Plan as part of its efforts to "obtain collective

6

bargaining agreements that are affordable in the short-term and curtail rising costs in the long-term with all of its major bargaining units." (Five Year Plan at 30.) The Five Year Plan, dated March 8, 2012, specifically states with regard to AFSCME District Councils 33 and 47 that the City seeks "the right to furlough employees." (*Id.* at 32.) Second, the City brought a declaratory action against AFSCME District 33, seeking the right to impose on the union its final offer for a new collective bargaining agreement, which includes the right to furlough District 33 members for up to fifteen days per year. (*See* AFSCME District Council 33 Compl. ¶¶ 38-39, 89.) The District Council 33 Complaint additionally emphasizes the need for the measures the City sought to impose, given the profound financial difficulties facing the City. (*See id.* ¶¶ 93-135.)

Whereas a lack of funding precluded enforcement of the ordinance at issue in *Tait*, there is no barrier to the City's implementation of furloughs under Regulation 16.02. Under the circumstances, the Court concludes that the possibility of the City implementing furloughs of AFSCME members is real and substantial, and finds the adversity of interest weighs in favor of a finding of ripeness.

        2.     *Conclusivity*

The conclusivity inquiry of the *Step-Saver* test requires a determination of whether the ruling would be "sufficiently conclusive to define and clarify the legal rights or relations of the parties." *Step-Saver*, 912 F.2d at 648. In particular, a court must consider whether a conclusive ruling is possible "in light of potentially evolving factual developments." *Peachlum*, 333 F.3d at 435. The question of ripeness thus "applies differently to facial and as-applied challenges." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009). "In the context of a facial challenge, a purely legal claim is presumptively ripe for judicial review because it does not require a developed

factual record."[1] *Id.* (citing *Nat'l Treasury Emps. Union v. Chertoff*, 452 F.3d 839, 854-55 (D.C. Cir. 2006)); *see also Pic-A-State*, 76 F.3d at 1300 ("Because Pic-A-State brings a facial challenge to the constitutionality of the Interstate Wagering Amendment, further development of the factual record . . . would not inform our legal analysis."); *Presbytery*, 40 F.3d at 1468 ("[P]redominantly legal questions are generally amenable to a conclusive determination in a preenforcement context . . . .").

In this case, AFSCME brings a facial due process challenge to Regulation 16.02. (*See* Pl.'s Resp. to Defs.' Mot. to Dismiss at 14.) Therefore, the Court agrees with AFSCME that development of the factual record would not aid the Court's analysis of the predominantly legal question of whether the Regulation can be applied in a constitutional manner. AFSCME's challenge is analogous to the facial challenges at issue in *Pic-A-State* and *Presbytery*, both of which were deemed ripe, as "factual development is of minimal assistance in facial challenges such as th[ese]." *See Presbytery*, 40 F.3d at 1469. Indeed, factual development would not alter the essential question posed by AFSCME's facial challenge: whether a regulation that permits furloughs with no time limit, no opportunity for review before the furlough, and no right of appeal after the furlough provides adequate process to AFSCME members.

---

[1] Defendants urge that "a concrete set of facts" is required for a declaratory judgment to be appropriate here. (*See* Defs.' Mot. to Dismiss at 14.) Yet even where the Third Circuit has found that a "specific factual setting" would aid a pre-enforcement declaratory action, it has indicated that "if denial of pre-enforcement review would work a significant hardship to the plaintiffs," the action may be ripe. *See Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 324-25 (3d Cir. 1998). In that case, the court found that there was no significant hardship to the plaintiffs because the statute at issue would not result in a loss of benefits for 500 weeks, giving affected employees "ample time to challenge the constitutionality" of the statute. *Id.* at 325. Here, by contrast, AFSCME members could face an indefinite furlough with no more than seven days notice. Because AFSCME members do not have the benefit of a substantial buffer period before they are subjected to a deprivation—as did the plaintiffs in *Philadelphia Federation*—the "significant hardship" that lacked in *Philadelphia Federation* is here present.

### 3. *Utility*

The Court must also assess the utility of a declaratory judgment—specifically, "whether the parties' plans of actions are likely to be affected by a declaratory judgment." *Step-Saver*, 912 F.2d at 649 n.9. To this end, a declaratory judgment is more likely to be useful where "Defendant's willingness to enforce the ordinance will be determined by the outcome of this case." *See Le Cabaret 481*, 2005 WL 114171, at *5. Here, a judgment that Regulation 16.02 is unconstitutional on its face would prevent the City from furloughing AFSCME members. Likewise, such a determination might spur the City to pass additional regulations providing greater specificity in the procedures to be used in implementing furloughs. The AFSCME members' plans of action, too, might be affected by a judgment as to the constitutionality of the Regulation, as they could take steps to plan for the possibility of an unlimited furlough. Finally, in contrast to *Armstrong*, in which the court found that utility was lacking in part because "postponing judicial review w[ould] not cause plaintiffs to endure substantial economic hardship," an indefinite furlough of AFSCME members, which could occur any day, would indeed result in substantial economic hardship. *See Armstrong*, 961 F.2d at 424.

Having weighed the three factors in the *Step-Saver* test, the Court concludes that this pre-enforcement declaratory action is ripe for review.

**B.  Claims Against City of Philadelphia**

Having determined that the matter is ripe for review, the Court cannot conclude at this juncture that, as Defendants urge, there is definitively no property interest in AFSCME members' continued employment without furlough, or, alternatively, that the process provided is adequate as a matter of law. Defendants, in fact, acknowledge that the Supreme Court has left open the question of whether a property interest might be implicated in a case such as this. (*See* Defs.' Mot. to Dismiss

at 16 (citing *Gilbert v. Homar*, 520 U.S. 924, 929 (1997)). As such, the Court will await further briefing on the merits before it determines whether Regulation 16.02 violates the Due Process Clause of the U.S. Constitution or Article 1, Section 26 of the Pennsylvania Constitution on its face.

### C. Claims Against Mayor Michael Nutter, Albert D'Attilio, and the Civil Service Commission

Defendants seek the dismissal of the individual Defendants and the Commission from the action because the claims against them are redundant with those against the City. AFSCME did not address this argument in its response to Defendants' motion. The Court therefore considers the issue uncontested, and dismisses these Defendants from the case. *See* E.D. Pa. L.R. 7.1(c); *see also, e.g.*, *Saxton v. Cent. Pa. Teamsters Pension Fund*, Civ. A. No. 02-986, 2003 WL 22952101, at *24 (E.D. Pa. Dec. 9, 2003).

## IV. CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion to dismiss in part and denies it in part. An Order consistent with this Memorandum will be docketed separately.